## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CONTINENTAL VOLKSWAGEN, LLC d/b/a MCDONALD VOLKSWAGEN AND MCDONALD AUDI, a Colorado limited liability company,

,

Plaintiff,

v.

JOHN DOE,
whose true name is unknown,

Defendant.

_____

## COMPLAINT
_____

Plaintiff, Continental Volkswagen, LLC d/b/a McDonald Volkswagen and McDonald Audi ("MCDONALD"), through counsel, for its complaint against Defendant, states:

### I. NATURE OF PROCEEDING

This is an action at law and in equity brought under 15 U.S.C. § 1125(a)(1)(B) of the Lanham Act to remedy acts of commercial disparagement and misrepresentation caused by Defendant's unauthorized Internet disparagement of MCDONALD and its management. Defendant, whose identity is unknown, has posted false, defamatory, and disparaging messages concerning MCDONALD on several Internet bulletin boards operated by Craigslist, Inc. The most efficient way of dealing with the defamatory messages would be to obtain an injunction against Craigslist, however, Craigslist is immune from suit under the Communications Decency

Act of 1996 on claims that would hold it liable for information posted on its bulletin boards by third parties. *See, e.g., Ben Ezra, Weinstein, and Co. America Online Inc.,* 206 F.3d 980, 984-86 (10th Cir. 2000).

Thus, MCDONALD's only remedy is to pursue individually the person that authored and posted the defamatory, disparaging messages. Because the actual name and address of the Defendant is not disclosed on the bulletin board or in the posted messages, MCDONALD brings the lawsuit against the Defendant identified at this juncture as John Doe.

Because the operator of the bulletin boards is in possession of information concerning the identity of the Defendant such as the IP name and email address, MCDONALD will conduct appropriate discovery from Craigslist by way of subpoena to obtain the identifying information and thereafter will amend this Complaint to substitute the actual name of the Defendant.

## II. PARTIES

1. MCDONALD is a Colorado limited liability company with its principal place of business in Littleton, Colorado.

2. Upon information and belief, Defendant John Doe is an individual whose name and address of residence are unknown, but who is believed to reside in the metropolitan area of Denver, Colorado.

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over MCDONALD's claims pursuant to 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over MCDONALD's claims arising under the laws of Colorado and the common law pursuant to 28 U.S.C. § 1367(a) because these

claims are so related to MCDONALD's claims under federal law that they form a part of the same case or controversy and derive from a common nucleus of operative fact.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b) because the acts of disparagement and other wrongful conduct, and a substantial part of the events or omissions giving rise to the claims, occurred in the District of Colorado, and the Defendant likely resides in the District of Colorado.

### IV. DEFENDANT'S DISPARAGEMENT OF MCDONALD'S COMMERCIAL ACTIVITIES

6. MCDONALD has been in the business of selling and servicing new and used automobiles for over 50 years.

7. Upon information and belief, Defendant is either a current or former employee of MCDONALD who for whatever reason has chosen to publish false and defamatory statements about MCDONALD's commercial activities on various Internet bulletin boards of Craigslist including Craigslist Denver, Craigslist Ft. Collins, Craigslist Boulder, and Craigslist Wyoming.

8. The false and defamatory publications by Defendant consist of numerous phony or imposter help wanted ads that purport to be placed by McDonald on the Craigslist bulletin boards and are designed to dissuade potential job applicants from applying for employment thus causing MCDONALD economic and reputational damage. *See* **Exhibits A** and **B**, which are true and correct copies of two of such false and defamatory postings.

9. The two postings make the following false and defamatory statements regarding MCDONALD:

   a. "Ideally we are not looking for any white students," suggesting that MCDONALD's hiring practices are illegally racially motivated;

  b. "We would prefer to hire a Mexican or a Black," again suggesting that MCDONALD's hiring practices are illegally racially motivated;

  c. MCDONALD's employee compensation is "near minimum wage;"

  d. "Our growth is dictated by how low we can pay our employees;"

  e. "We offer a high stress/low rewards work environment;"

  f. "One of our employees even committed suicide due to us;"

  g. "Compensation: Usually a little less than minimum wage, but we'll fire you for reporting it;" stating that MCDONALD violates federal and state minimum wage and reporting laws.

10. Defendant's above-described conduct is continuing and is attended by circumstances of fraud, malice, or willful and wanton conduct, and is committed heedlessly and recklessly, without regard to the consequences, or the rights and safety of others, particularly MCDONALD. At a minimum, Defendant is willfully blind to, and has acted in reckless disregard of, MCDONALD's rights and claims.

## FIRST CLAIM FOR RELIEF
### (Disparagement of Commercial Activities (15 U.S.C. § 1125(a)(1)(B))

11. MCDONALD incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

12. Defendant's activities constitute disparagement of MCDONALD'S commercial activities in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), because they misrepresent and disparage the nature, characteristics, and qualities of MCDONALD's commercial activities in connection with the hiring, treatment, and compensation of its employees.

13. Defendant's acts of disparagement have caused MCDONALD to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

14. Defendant's have engaged in and continue to engage in these activities knowingly, willfully, maliciously and deliberately, so as to justify the assessment of exemplary damages against Defendant, in an amount to be determined at the time of trial.

15. Defendant's acts of disparagement, unless enjoined by this Court, will continue to cause MCDONALD to sustain irreparable damage, loss, and injury, for which MCDONALD has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Common Law Business Disparagement/Defamation)

16. MCDONALD incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

17. Defendant did publish or cause to be published false statements harmful to the interests of MCDONALD with the intent that the publication of the statements would cause harm to the interests of MCDONALD.

18. At the time Defendant published the false statements he knew that the statements were false or acted in reckless disregard of their truth or falsity.

19. MCDONALD has been damaged by the Defendant's conduct as complained of herein, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Tortious Interference with Business Relationships)

20. MCDONALD incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

21. MCDONALD has entered into and/or had a reasonable expectation that it would maintain or enter into contracts or business relationships with certain third parties who were existing MCDONALD customers or employees or who had communicated their interest in establishing a prospective contractual relationship with MCDONALD. MCDONALD is aware that numerous of its existing and/or prospective customers and employees have attempted to obtain additional information about MCDONALD through MCDONALD's job listings on the various mentioned Craigslist bulletin boards.

22. Upon information and belief, Defendant was aware of MCDONALD's postings on these bulletin boards, and of the fact that prospective employees utilize Craigslist as a means of contacting or obtaining additional information concerning job announcements such as those placed by MCDONALD.

23. Upon information and belief, Defendant knowingly and willfully disparaged MCDONALD's commercial activities on Craigslist with the intent of causing disruption of MCDONALD's employee recruiting efforts and corresponding economic loss. Upon information and belief, as a result of the Defendant's conduct, prospective employees were induced to avoid employment opportunities at MCDONALD and MCDONALD has suffered corresponding loss of such employment potential.

24. Defendant's conduct as complained of herein was willful, malicious and deliberate.

25. MCDONALD has been damaged by the Defendant's conduct as complained of herein, in an amount to be determined at trial.

**WHEREFORE**, MCDONALD prays for judgment against Defendant as follows:

A. That Defendant and its agents, servants, employees, and attorneys, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from: (1) making or causing to be made any disparaging remarks concerning MCDONALD's business or commercial activities; or (2) making any false representations of fact concerning MCDONALD's business or commercial activities; either orally, in writing, on the Internet, or otherwise;

B. That MCDONALD be awarded damages and restitution, in an amount to be determined at trial, under 15 U.S.C. § 1117(a) for any damages sustained by MCDONALD as a result of Defendant's actions;

C. That MCDONALD be awarded under 15 U.S.C. § 1117(a) enhanced damages, up to three times the amount found as actual damages for Defendant's disparaging descriptions and representations, in an amount to be determined at trial;

D. That Defendant be required to pay to MCDONALD such actual, statutory and exemplary damages as it has sustained as a consequence of Defendant's disparagement;

E. That MCDONALD be awarded punitive damages for Defendant's oppressive, fraudulent, and malicious acts of business disparagement;

F. That MCDONALD be awarded its reasonable attorney's fees and costs of suit under 15 U.S.C. § 1117(a) and 15 U.S.C. § 285;

G. That MCDONALD be awarded pre-judgment and post-judgment interest and its costs of the litigation, and

H. That MCDONALD be awarded such other relief as the Court may deem just and proper.

Respectfully submitted this 20th day of June 2013.

                                          *s/ Gregory C. Smith*
                                          Gregory C. Smith
                                          Fairfield and Woods, P.C.
                                          1700 Lincoln Street, Suite 2400
                                          Denver, CO 80203
                                          Telephone:  (303) 830-2400
                                          Facsimile:  (303) 830-1033

                                          ATTORNEYS FOR PLAINTIFF